# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| SARAH LYNN MIXON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. CV415-270 |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Represented by counsel, plaintiff Sarah Mixon seeks judicial review of her Social Security Disability claim. Doc. 1. She also moves for leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve her of the obligation to pay her own way where it is possible to do so without undue hardship. *Id.* at 339-40.

On her IFP application, Mixon claims zero income of any kind, and only $5 in her bank account. Doc. 2 at 1-2. Despite that utter lack of

money, Mixon manages to drive a 2006 BMW (cars need gas and maintenance) and make a $216 per month loan payment. Doc. 2 at 2. She also cares for her granddaughter, though she says Social Security "pay[s] for her because her father" passed away. *Id.* Nowhere does Mixon reveal how she feeds, clothes, or shelters herself and her granddaughter.

Wary of such claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from IFP movants who make a dubious showing of indigency. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Jackson v. Tucker*, 2014 WL 851438 at * 1 (S.D. Ga. Mar. 5, 2014) ("After further review, the Court is not satisfied with his response. It undeniably costs

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

money to live, and Jackson not only swears he has zero assets of any kind, but that he also supports two children. That's plainly not credible.") (cite omitted).

To that end, within 14 days of the date this Order is served, Mixon shall file a new IFP application, and shall disclose to the Court the following information:

(1) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(2) Where she gets the money to pay for those expenses (include all "off-the-books" income, whether in cash or in-kind), the $216/month loan, and her 2006 BMW's gas and maintenance costs (the Court does note, incidentally, her claim that her son pays for car insurance); and

(3) Whether she possesses a cellular telephone, cable TV service, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees).

Answering these points will better illuminate plaintiff's true financial condition. In that regard, she must again declare the facts she pleads to be true under penalty of perjury.[2]

---

[2] The Court tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh

**SO ORDERED** this  5th   day of October, 2015.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."). And those that do lie face consequences. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction).