IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SARAH LYNN MIXON, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV415-270
 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
 )
    Defendant. )
 )

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 22), to which objections have been filed (Doc. 24). In her objections, Plaintiff largely repeats the same arguments contained in her initial brief. However, the Court can discern no avenue for relief. As a result, and for the more specific reasons stated below, the Court finds Plaintiff's objections to be without merit. Accordingly, the Report and Recommendation is **ADOPTED** as the Court's opinion in this case and the Commissioner's decision denying benefits is **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

As the Magistrate Judge noted in his Report and Recommendation, the Court

> review[s] the Commissioner's decision for substantial evidence. Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to

> support a conclusion." Id. (quotation omitted). . . . .
> "We may not decide the facts anew, reweigh the
> evidence, or substitute our judgement for that the
> Commissioner." Winschel, 631 F.3d at 1178 (quotation
> and brackets omitted). "If the Commissioner's decision
> is supported by substantial evidence, this Court must
> affirm, even if the proof preponderates against it."
> Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)
> (quotation omitted).

Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 782 (11th Cir. 2014). Accordingly, the Court cannot overturn a decision of the Commissioner merely because the Court may have decided differently if presented with the same facts. Instead, the Court looks to whether the Commissioner's decision is supported by substantial evidence, and whether the legal requirements and standards were followed.

First, Plaintiff alleges that the Administrative Law Judge's ("ALJ") residual functional capacity analysis was incorrect. (Doc. 24 at 1.) Specifically, Plaintiff alleges that the ALJ failed to include significant limitations resulting from Plaintiff's mental impairments in Plaintiff's residual functional capacity ("RFC"), and failed to adequately discuss those impairments. (Id.) However, there is no evidence in the record supporting more than mild functional limitations caused by possible mental health complaints. Moreover, the ALJ specifically noted that there was no evidence the "impairments . . . caused any more than mild difficulties in activities of daily living, maintaining social functioning or

maintaining concentration, persistence, or pace." (Doc. 16, Attach. 2 at 24.) The ALJ also noted that there was no evidence of episodes of decompensation. (Id.) Finally, Plaintiff cannot rely on Dr. Bynes'—her treating physician—description of mental illness. As the ALJ properly recognized, "Dr. Bynes' treatment records show little to no clinically significant findings regarding these conditions, and his assessment of significant functional limitations is not consistent with or supported by his treatment history." (Doc. 16, Attach. 2 at 24.)

Plaintiff also alleges that the ALJ erred in failing to accommodate Plaintiff's coccygeal—tailbone—pain in the RFC analysis. Plaintiff alleges that Dr. Steinert—the Commissioner's examiner—found evidence of coccydynia that would impair Plaintiff's ability to sit for extended periods of time. (Doc. 24 at 6.) However, Dr. Steinert provided no functional limitations for Plaintiff that would limit her sitting during an 8-hour work day. Accordingly, the ALJ did not err in omitting limitations for coccygeal pain from his RFC analysis.

Second, Plaintiff alleges that the ALJ did not properly evaluate the demands of Plaintiff's past relevant work. (Doc. 24 at 7.) Specifically, Plaintiff objects to the determination that she could perform the mental demands of a check cashier because her only past relevant work experience was as a waitress. (Doc. 24 at 8.) As discussed in the Report and Recommendation,

Plaintiff's past work as a check cashier was referenced in the record. Moreover, the ALJ did not err in relying on a vocational expert ("VE") to determine that Plaintiff was capable of performing the demands of a check casher. The VE's opinion was based on the RFC. Because there was no error in the RFC, the ALJ was entitled to rely upon the VE's testimony regarding Plaintiff's past work as a check cashier. See <u>Hennes v. Comm'r of Soc. Sec. Admin</u>, 130 F. App'x 343, 346 (11th Cir. 2005) (approving utilization of VE opinion based on RFC when determining past relevant work).

Finally, Plaintiff alleges that the ALJ improperly ignored the opinion evidence of Dr. Bynes. (Doc. 24 at 10.) As a treating physician, Dr. Bynes' opinion is generally entitled to more weight. <u>Winschel</u>, 631 F.3d at 1179. However, an ALJ is entitled to discount a treating physician's opinion when the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." <u>Phillips v. Barnhart</u>, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal citations omitted). As the Magistrate Judge acknowledged, Dr. Bynes' opinion was not consistent with his generally "unremarkable treatment records." (Doc. 12 at 7.)

4

Despite the seriousness of Plaintiff's alleged limitations Dr. Bynes described, Plaintiff was not hospitalized and her treatment was conservative. See Weaver v. Comm'r, Soc. Sec. Admin., 567 F. App'x 864, 868 (11th Cir. 2014) (upholding decision to afford treating physician only some weight because of "claimant's conservative treatment.") However, more relevant is the lack of clinical findings or observations supporting Dr. Bynes' opinion. There is simply no evidence in Dr. Bynes' medical records—best described by Plaintiff as "sketchy"—of the severe limitations Dr. Bynes asserted Plaintiff suffered. Accordingly, the ALJ did not err in discounting the opinion evidence of Dr. Bynes.

SO ORDERED this 13th day of December 2016.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA